UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | EP-14-CR-02248-DCG-2 |
| CHRISTINA YVONNE VARELA | § | |

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Presently before the Court is Defendant Christina Yvonne Varela's ("Defendant") Motion for Reconsideration (ECF No. 58), filed on June 1, 2015. Therein, Defendant asks the Court to reconsider its April 28, 2015, Order Denying Defendant's Motion to Suppress (ECF No. 47). *See* Mot. Recons. 1. After an evidentiary hearing, the Court's April 28, 2015, order denied Defendant's motion to suppress all evidence purportedly obtained as direct or derivative fruit of an unlawful entry into Defendant's home. *See* Order Den. Def.'s Mot. Suppress 1, 8. Defendant now seeks reconsideration of the Court's decision.

In support of her Motion, Defendant calls into question the veracity of certain testimony adduced at the evidentiary hearing on the motion to suppress. Specifically, Defendant challenges Drug Enforcement Administration Special Agent Christopher Shary's ("Agent Shary") testimony, pointing to "marked differences" between Agent Shary's testimony at the hearing on the motion and his prior testimony during Defendant's detention hearing. *See* Mot. Recons. 1. However,

> [m]otions for reconsideration are not to be used as a vehicle for a party to undo its own procedural failures or allow a party to advance arguments that could and should have been presented to the district court prior to judgment. Instead, motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

*United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (citations and internal quotations marks omitted).

Here, Defendant does not aver that the prior testimony on which she relies to impeach—belatedly—Agent Shary is "new evidence" or was unavailable at the time of the evidentiary hearing on the motion to suppress. Moreover, even assuming that the prior testimony of Agent Shary is properly before the Court, the purported discrepancies do not warrant a different finding on the credibility of the witnesses or a different result on the merits of Defendant's motion to suppress.

### III.  CONCLUSION

Accordingly, Defendant Christina Yvonne Varela's Motion for Reconsideration (ECF No. 58) is **DENIED**.

So **ORDERED** and **SIGNED** this 16th day of June, 2015.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE